UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

GAIL ELLIS,

       PLAINTIFF,

vs.

LAND 'N' SEA DISTRIBUTING, INC.,
a Florida Profit Corporation,

       DEFENDANT.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GAIL ELLIS ("Ms. Ellis" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, LAND 'N' SEA DISTRIBUTING, INC. ("Defendant" or "L&S") and alleges the following:

1. Plaintiff brings these claims for age discrimination and retaliation against L&S for its disparate treatment and unlawful termination of Plaintiff based upon her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## VENUE AND JURISDICTION

2. This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law, and has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as the ADEA claims.

3. Plaintiff is, and at all times material was, a resident of Broward County,

Florida, and worked for Defendant in Broward County, Florida.

4. Venue is therefore proper in the Fort Lauderdale Division of the Southern District of Florida.

**CONDITIONS PRECEDENT**

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about July 12, 2021.

6. Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter, and became ripe under the FCRA one-hundred and eighty (180) days from the date Plaintiff filed her Charge of Discrimination.

7. Neither the ADEA nor the FCRA require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

8. Plaintiff has satisfied all conditions precedent to this matter, and her claims are timely.

**EMPLOYER DEFINITIONS UNDER THE ADEA**

9. Ms. Ellis worked for L&S, most recently as an Outside Sales Representative, from January 1, 1985, until her termination on May 21, 2021.

10. Defendant was an "employer" as defined by the ADEA and the FCRA.

11. At all times relevant, Defendant employed in excess of thirty (30) or more employees.

**STATEMENT OF FACTS**

12. Plaintiff was born in 1955 and is currently sixty-six (66) years old.

13. During her employment with L&S, Ms. Ellis was subjected to age-related

comments by her L&S supervisors.

14. In or about June of 2020, L&S Sales Manager Lyle Phillips called Ms. Ellis and belligerently demanded to know, "when are you retiring?"

15. Ms. Ellis told Mr. Phillips that she did not know and had not really given the matter any thought.

16. Mr. Phillips insisted on a response from Ms. Ellis.

17. Ms. Ellis asked Mr. Phillips, "why do you need to know?"

18. Mr. Phillips responded, "I need to plan."

19. The next day, Ms. Ellis learned that Mr. Phillips had stepped down as her Sales Manager and that her new Sales Manager would be Sharon Bagnati.

20. On December 18, 2020, L&S held a telephonic Sales meeting.

21. L&S Sales Manager Sharon Bagnati stated during this meeting, "some of you are of retirement age."

22. Ms. Bagnati went on to state that L&S would be hiring two (2) new sales representatives, who would allegedly bring appreciable new business to the company.

23. L&S's two (2) new sales representatives turned out to both be significantly younger than Ms. Ellis.

24. Very shortly after these two (2) new sales representatives arrived, Ms. Bagnati began giving Ms. Ellis's long-time clients to these individuals.

25. The new business loudly promised by the incoming sales representatives proved to be mainly illusory.

26. In January of 2021, Ms. Ellis objected to Ms. Bagnati that L&S's actions constituted unlawful age discrimination in violation of the ADEA and the FCRA.

27. Ms. Ellis's objections were to actual violations of the ADEA and the

FCRA.

28. Alternatively, Ms. Ellis's objections were to what Ms. Ellis reasonably believed to be actual violations of the ADEA and the FCRA.

29. Ms. Ellis's objections constituted protected activity under the ADEA and the FCRA.

30. In response to Ms. Ellis's objections, neither Ms. Bagnati nor L&S changed their ways at all.

31. Ms. Bagnati would thenceforth routinely ask Ms. Ellis, "when are you retiring?"

32. Ms. Ellis had no wish to retire, nor any plans to do so.

33. Between January of 2021 and May of 2021, no new accounts were assigned to Ms. Ellis.

34. Instead, Ms. Bagnati assigned new accounts to L&S's new sales representatives.

35. Ms. Ellis would normally receive two (2) to four (4) new clients each month.

36. On May 21, 2021, L&S informed Ms. Ellis that it had decided to terminate her employment, effective immediately.

37. L&S swiftly replaced Ms. Ellis with a significantly younger individual.

38. Plaintiff was fired for no reason other than her advanced age.

39. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for a younger, less-qualified employee.

40. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

41. But for Plaintiff's age, Defendant would not have terminated her employment.

42. The persons who discriminated against Plaintiff most severely based on age were decision-makers in terms of the termination of Plaintiff's employment.

43. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

**COUNT I- AGE DISCRIMINATION UNDER THE ADEA**

44. Plaintiff realleges and readopts the allegations contained in paragraphs 1-43 of the Complaint, as if fully set forth in this Count.

45. Plaintiff was over forty (40) years old when she was terminated.

46. Plaintiff was not terminated for cause.

47. Plaintiff was terminated only because of her age, and would not have been terminated but for her age.

48. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

49. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

50. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

51. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

52. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

53. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

54. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

### REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

55. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

56. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

57. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

58. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

59. Provide any additional relief that this Court deems just and proper.

### COUNT II – AGE DISCRIMINATION UNDER THE FCRA

60. Plaintiff realleges and adopts the allegations contained in paragraphs 1-43, as if fully set forth in this Count.

61. Plaintiff was over forty (40) years old when she was terminated.

62. Plaintiff was not terminated for cause.

63. Plaintiff was discriminated against based on her age.

64. Defendant did not have a legitimate, non-discriminatory reason for

terminating Plaintiff's employment.

65. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

66. Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

68. The discrimination to which Plaintiff was subjected was based on her age.

69. Plaintiff was fired only because of her age, and would not have been fired but for her age.

70. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

72. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

73. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

74. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

75. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

76. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

77. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

78. Provide any additional relief that this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 28th day of January, 2022.

Respectfully submitted,

*/s/Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*